UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JUAN MORRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos. 1:09-CR-142-CLC-SKL-3 & |
| ) | 1:10-CR-133-CLC-SKL-1 |
| ) | 1:16-CV-71-CLC & 1:16-CV-223-CLC |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM OPINION**

Presently before the Court are a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed at No. 1:10-CR-133 and a supplemental § 2255 motion[1] filed at No. 1:09-CR-142-3 by Juan Morris ("Petitioner") which challenge his enhanced sentence as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015).[2]

---

[1] Petitioner's counseled motion to file a supplemental § 2255 motion raising a *Johnson* claim [Doc. 200 at No. 1:09-CR-142-3] will be granted. However, Petitioner's pro se § 2255 motion [Doc. 195 at No. 1:09-CR-142-3], which seeks to raise a challenge to the voluntariness of his guilty pleas, will be dismissed. The Sixth Circuit Court of Appeals explicitly held on direct appeal that petitioner's guilty pleas were voluntary [Doc. 170 p. 2 at No. 1:09-CR-142-3]. As a result, by Order dated April 25, 2016, Petitioner was granted 15 days to show cause as to why his pro se § 2255 motion should not be dismissed for failure to state a claim upon which relief may be granted [Doc. 197 at No. 1:09-CR-142-3]. Petitioner never responded to the show cause order. Accordingly, his original pro se § 2255 motion will be dismissed for failure to state a claim upon which relief may be granted and for failure to comply with the Court's show cause order.

[2] The Supreme Court has determined that *Johnson*, which invalidated the residual clause of the ACCA as unconstitutionally vague, announced a new "substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016); *see also In Re Watkins*, 810 F.3d 375, 381-85 (6th Cir. 2015).

In light of both *Johnson* and the recent *en banc* decision of the Sixth Circuit Court of Appeals in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017), it now is undisputed that Petitioner no longer qualifies as an armed career criminal under the ACCA. Accordingly, Petitioner's § 2255 motion [Doc. 12 at No. 1:10-CR-133] and supplemental § 2255 motion [Doc. 202 at No. 1:09-CR-142-3] will be **GRANTED**.

I.     **BACKGROUND**

On August 25, 2009, a grand jury sitting in the Eastern District of Tennessee returned a multi-count, multi-defendant indictment charging various controlled substance offenses. Petitioner was one of six defendants charged at Count One of that indictment with conspiracy to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B) [Doc. 2 at No. 1:09-CR-142-3]. On January 21, 2010, a grand jury sitting in the Southern District of Illinois returned a one-count indictment charging Petitioner with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) [Doc. 1 pp. 5–6 at No. 1:10-CR-133]. After consenting to a transfer of jurisdiction of the felon-in-possession case from the Southern District of Illinois to the Eastern District of Tennessee [Doc. 1 p. 3 at No. 1:10-CR-133], Petitioner entered a plea of guilty to both count one of the indictment at No. 1:09-CR-142-3 and count one of the indictment at No. 1:10-CR-133 on October 6, 2010 [Doc. 151 at No. 1:09-CR-142-3 and Doc. 2 at No. 1:10-CR-133].

The presentence investigation report ("PSIR") identified five previous convictions for a violent felony, committed on occasions different from one another, that qualified Petitioner as an armed career criminal under the ACCA: (1) a November 5, 1997, conviction for aggravated

burglary in the Hamilton County, Tennessee, Criminal Court [PSIR ¶ 47]; (2) two convictions[3] on May 22, 2000, for accessory after the fact to aggravated burglary in the Hamilton County, Tennessee, Criminal Court [PSIR ¶ 48]; and (3) two qualifying convictions on January 28, 2003, for robbery in the Hamilton County, Tennessee, Criminal Court [PSIR ¶ 50]. As an armed career criminal, Petitioner was subject to a statutory mandatory minimum sentence of 15 years to a maximum of life at count one of the indictment at No. 1:10-CR-133[4] and his advisory guideline sentencing range under the United States Sentencing Guidelines ("USSG") was 188 to 235 months [PSIR ¶¶ 74, 75].

On February 24, 2011, Petitioner was sentenced to a term of imprisonment of 235 months, consisting of 235 months on each of count one of the indictment at No. 1:09-CR-142-3 and count one of the indictment at No. 1:10-CR-133, to be served concurrently, and a term of supervised release of 5 years, consisting of 5 years on each of count one of the indictment at No. 1:09-CR-142-3 and count one of the indictment at No. 1:10-CR-133, to run concurrently [Doc. 165 at No. 1:09-CR-142-3 and Doc. 8 at No. 1:10-CR-133]. Petitioner's conviction and sentence were affirmed by the Sixth Circuit Court of Appeals on September 14, 2011 [Doc. 170 at No. 1:09-CR-142-3].

---

[3] The ACCA requires three previous convictions committed "on occasions different from one another." 18 U.S.C. § 924(e)(1). The Sixth Circuit has held that "under the ACCA, a career criminal is one who has been convicted of three criminal 'episodes.'" *United States v. Hockenberry*, 730 F.3d 645, 667 (6th Cir. 2013) (quoting *United States v. McCauley*, 548 F.3d 440, 448 (6th Cir. 2008)). "Although related to the entire course of events, an episode is a punctuated occurrence with a limited duration." *McCauley*, 548 F.3d at 448. Accordingly, crimes that a defendant commits against different victims, in different places, and at different times, will generally be separate offenses. *Hockenberry*, 730 F.3d at 667. Thus, "even when convictions 'were sentenced on the same day, they count separately for purposes of calculating an ACCA enhancement.'" *Id.* (quoting *United States v. Kearney*, 675 F.3d 571, 575 n. 5 (6th Cir. 2012)).

[4] Petitioner's authorized statutory term of imprisonment on count one of the indictment at No. 1:09-CR-142-3 was not less than 5 and not more than 40 years [PSIR ¶ 74].

On June 20, 2016, Petitioner, through court-appointed counsel, filed the pending § 2255 motion at No. 1:10-CR-133 and supplemental § 2255 motion at No. 1:09-CR-142-3 challenging his armed career criminal status based on the Supreme Court's invalidation of the ACCA residual clause in *Johnson* [Doc. 202 at No. 1:09-CR-142-3 and Doc. 12 at No. 1:10-CR-133].

The government's motions to defer ruling on Petitioner's motions pending an *en banc* decision from the Sixth Circuit in *United States v. Stitt*, 646 F. App'x 454 (6th Cir. 2016), were granted by the Court on November 29, 2016 [Doc. 217 at No. 1:09-CR-142-3], and March 7, 2017 [Doc. 16 at No. 1:10-CR-133]. On June 27, 2017, the Sixth Circuit issued its *en banc* decision holding that a conviction of aggravated burglary under Tennessee law does not qualify as a violent felony predicate offense under the ACCA. *Stitt*, 860 F.3d at 856.

On July 27, 2017, the parties filed joint status reports agreeing that Petitioner no longer qualifies as an armed career criminal in light of *Johnson* and *Stitt* [Doc. 219 at No. 1:09-CR-142-3 and Doc. 17 at No. 1:10-CR-133].

## II.  ANALYSIS

### A.  TIMELINESS

Section 2255(f) places a one-year period of limitation on all petitions for collateral relief under § 2255 which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

4

review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Claims based on the Supreme Court's opinion in *Johnson* satisfy the third sub-category—the assertion of a newly recognized right made retroactively applicable to cases on collateral review. *Welch*, 136 S. Ct. at 1268 (*Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review); *In Re Watkins*, 810 F.3d at 381–85. The one-year limitation period for filing a motion to vacate based on a right newly recognized by the Supreme Court runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable. *Dodd v. United States*, 545 U.S. 353, 357 (2005). Accordingly, *Johnson* triggered a renewed one-year period of limitation beginning on the date of that decision, June 26, 2015, and running until June 26, 2016.

In this case, Petitioner filed the pending § 2255 motions raising *Johnson* claims on June 20, 2016, which falls safely within the one-year window for requesting collateral relief under *Johnson*.

B.   **STANDARD OF REVIEW**

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *McPhearson v. United States*, 675 F.3d 553, 558–59 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in

a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

      **C.    PETITIONER'S *JOHNSON* CLAIM**

A felon who possesses a firearm normally faces a maximum penalty of 10 years' imprisonment, 18 U.S.C. § 924(a)(2), and 3 years' supervised release, 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2). However, if that felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a 15-year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to 5 years, 18 U.S.C. §§ 3559(a)(1) and 3583(b)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court determined that the residual clause of the ACCA is unconstitutionally vague and concluded "that imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. *Johnson* did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 376 (6th Cir. 2015) (explicitly finding that *Johnson* did not affect the ACCA's use-of-physical-force clause). Thus, under *Johnson*, an ACCA sentence only raises due process

6

concerns, and thus is invalid, if it necessarily was based on predicate violent felonies that qualified as such only under the ACCA's residual clause.

In this case, three of Petitioner's five predicate offenses were convictions for aggravated burglary, or accessory after the fact to aggravated burglary, in violation of Tenn. Code. Ann. § 39-14-403 [PSIR ¶¶ 47, 48]. Petitioner contends, *inter alia*, that aggravated burglary could qualify as a predicate offense only under the stricken residual clause of the ACCA. In response, the government initially cited then-binding Sixth Circuit precedent holding that a conviction for aggravated burglary under the Tennessee statute qualifies as an ACCA predicate under the enumerated-offense clause. *United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007).

However, in the *en banc Stitt* decision, the Sixth Circuit overruled *Nance* and expressly held that aggravated burglary is not a violent felony for purposes of the ACCA. 860 F.3d at 860–61. Applying a categorical approach, the Court determined that the Tennessee aggravated burglary statute "sweeps more broadly than generic burglary" and thus cannot qualify as a violent felony under the enumerated-offense clause. *Id*. at 861. Because the statute categorically is not a violent felony, and also is indivisible, the Sixth Circuit concluded that a conviction under the Tennessee aggravated burglary statute does not count as a violent felony under the ACCA. *Id*. at 862.

Because a conviction for aggravated burglary does not qualify as a violent felony under the first two clauses of § 924(e)(2)(B),[5] and *Johnson* invalidated the residual clause, Petitioner's aggravated burglary and accessory after the fact to aggravated burglary convictions under the

---

[5] The parties acknowledge that aggravated burglary does not have as an element the use, attempted use or threatened use of force and therefore cannot qualify as a violent felony under the "use-of-physical-force" clause of the ACCA [Doc. 219 p. 2 at No. 1:09-CR-142-3 and Doc. 17 p. 2 at No. 1:10-CR-133].

Tennessee statute no longer can be used as predicate offenses under the ACCA. Furthermore, absent those convictions, Petitioner no longer has the requisite three prior convictions of a violent felony or a serious drug offense necessary to subject him to the ACCA's enhanced penalties.

Accordingly, the *Johnson* and *Stitt* decisions dictate that Petitioner no longer can be designated an armed career criminal under § 924(e). As a result, the 235-month term of imprisonment and 5-year term of supervised release imposed by the Court on count one of the indictment at No. 1:10-CR-133 exceed the maximum authorized sentence of not more than 10 years' imprisonment and not more than 3 years' supervised release for a non-ACCA offender convicted of a violation of § 922(g)(1). *See* 18 U.S.C. § 924(a)(2) and 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2). Under these circumstances, the Court finds a clear entitlement to § 2255 relief, as Petitioner has been subjected to "a sentence imposed outside the statutory limits." *McPhearson*, 675 F.3d at 559.

Where a § 2255 claim has merit, a district court "shall vacate and set the judgment aside" and, "as may appear appropriate," shall either "discharge the prisoner or resentence him or grant a new trial or correct the sentence." 28 U.S.C. § 2255(b); *see also Ajan v. United States*, 731 F.3d 629, 633 (6th Cir. 2013).

Here, although the parties are in agreement that Petitioner is entitled to § 2255 relief, they disagree as to the most appropriate form of that relief. The government submits that the appropriate relief would be to correct and reduce Petitioner's sentence on count one of the indictment at No. 1:10-CR-133 to 120 months' imprisonment and 3 years' supervised release, the applicable statutory maximums for a violation of § 922(g)(1) for a non-armed career criminal, but to leave unchanged Petitioner's 235-month incarceration sentence and 5-year term

of supervised release on count one of the indictment at No. 1:09-CR-142-3 [Doc. 219 p. 3 at No. 1:09-CR-142-3 and Doc. 17 p. 3 at No. 1:10-CR-133].

Petitioner, however, argues that Petitioner's ACCA enhancement had a "substantial impact on his aggregate Guidelines calculations" and therefore submits that he also is entitled to a reduction in his sentence on count one of the indictment at No. 1:09-142-3 [Doc. 219 pp. 3–4 at No. 1:09-CR-142-3 and Doc. 17 pp. 3–4 at No. 1:10-CR-133]. *See Pasquarille v. United States*, 130 F.3d 1220, 1222 (6th Cir. 1997) (courts have authority to re-evaluate entirety of aggregate sentence when a defendant is convicted of multiple counts and one count is modified on collateral review). He further submits that his advisory guideline sentencing range under the current USSG "will likely be substantially lower than 120 months" such that a sentence of 120 months on the firearms count also would be greater than necessary to satisfy the purposes of sentencing under 18 U.S.C. § 3553(a) [Doc. 219 p. 4 at No. 1:09-CR-142-3 and Doc. 17 p. 4 at No. 1:10-CR-133]. Accordingly, Petitioner seeks a full resentencing on both counts.

Due to the significant disparity in the parties' proposed resolutions, the Court believes that the most appropriate form of relief in this case is to resentence Petitioner following a full resentencing hearing. The Court will direct the Probation Office to prepare an Addendum containing a re-calculation of Petitioner's advisory guideline sentencing range under the current Guidelines Manual and detailing Petitioner's post-sentencing conduct. A resentencing hearing will be set and the parties will be given an opportunity to submit sentencing memoranda prior to the hearing. The Court will enter an order accordingly.

### III. CONCLUSION

For the reasons set forth herein, the Court finds that Petitioner is entitled to relief under § 2255 and will grant his § 2255 motion [Doc. 12 at No. 1:10-CR-133] and supplemental § 2255

motion [Doc. 202 at No. 1:09-CR-142-3]. The Judgment imposed by the Court on February 24, 2011 [Doc. 165 at No. 1:09-CR-142-3 and Doc. 8 at No. 1:10-CR-133], will be vacated and a resentencing hearing will be set. The United States Probation Office will be directed to provide the Court with information necessary for sentencing. The Clerk of Court will be directed to close the civil cases at Nos. 1:16-CV-71 and 1:16-CV-223.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**